UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNATHAN R. KIRKENDOLL, | ) | CASE NO. 1:21-cv-01759 |
| Petitioner, | ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) | |
| WARDEN CHARMAINE BRACY, | ) ) | MEMORANDUM OPINION AND ORDER |
| Respondent. | ) ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Amanda M. Knapp. (R. 12).[1] Petitioner Johnathan R. Kirkendoll, *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 10, 2021, raising five grounds for relief. (R. 1). On January 26, 2022, Respondent filed a Return of Writ. (R. 8). On May 17, 2022, after receiving two extensions of time, Petitioner filed the Traverse to the Return. (R. 10-1).

On June 11, 2024, the Magistrate Judge issued her Report and Recommendation (R&R) recommending that the Court dismiss the Petition as barred by the statute of limitations. (R. 12). The R&R expressly cautioned Petitioner that "[a]ny objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order." (R. 12, PageID# 637, citing *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985)). Indeed,

---

[1] This case was reassigned to Magistrate Judge Knapp on October 13, 2021 with automatic referral pursuant to Local Rule 72.2.

failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Id*. To date, Petitioner has not filed any objections to the Report and Recommendation.

**I. Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court conducts a *de novo* review. Fed. R. Civ. P. 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of reports to which objections have been made, but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to Rule 72(b), the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

"In the Sixth Circuit, failure to object constitutes a forfeiture." *Schuster v. Comm'r of Soc. Sec. Admin.*, 2022 WL 219327, at *1 (N.D. Ohio Jan. 25, 2022) (Lioi, J.) (*citing Berkshire*, 928 F.3d at 530 ("We clarify that forfeiture, rather than waiver, is the relevant term here.")); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver/forfeiture

2

rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"). Here, Petitioner was plainly made aware by the R&R that he was required to timely object to the Report and Recommendation or forfeit his right to appeal, but he has not filed any objections.

## II. Conclusion

The Court has carefully reviewed the Report and Recommendation, finds no clear error, and agrees with the findings set forth therein. The Court agrees that the petition is untimely and that no grounds exist to equitably toll the statute of limitations. The Magistrate Judge's Report and Recommendation (R. 12) is hereby ADOPTED. The matter is hereby DISMISSED. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Date: September 19, 2024				s/ *David A. Ruiz*
						David A. Ruiz
						United States District Judge